OPINION OF THE COURT
Renee R. Roth, S.
At issue in the two probate proceedings in the estates of Abraham Pacanofsky and Seymour Hinkson is whether the disclosure statement required by SCPA 2307-a when the drafts *16 man of a will is nominated as executor may be incorporated in the will itself or must be made by a separate writing.
Both testators executed their wills in 1998. There is nothing that ties them together except that each named his attorney-draftsman as executor and both wills purport to include an SCPA 2307-a disclosure statement.
SCPA 2307-a was purposed to reduce the potential for overreaching when an attorney drafts a will in which he or she (or another attorney with whom the draftsman is affiliated) is named as executor. In other words, the statute seeks to limit the possibility that a choice of executor may be induced by the attorney for his or her own benefit, rather than the client’s.
To assure that the client’s designation of an attorney-executor is based upon an informed decision, the statute requires that certain disclosures be made to the client by the attorney prior to the execution of the will. In substance, the client must be advised that (but for narrow exceptions) any person may be named as executor; that an executor is normally entitled to receive statutory commissions; and that an attorney who serves as executor and also renders legal services in connection with the administration of the estate is entitled to receive reasonable legal fees in addition to executor’s commissions.
The statute further requires a signed and witnessed acknowledgment by the client that such disclosure has been made. Such writing may be executed “prior to, concurrently with or subsequently to” the execution of the will, and it must “conform! ] or substantially conform! ]” to statutory models (SCPA 2307-a [2], [4]). In the case of any testator dying after December 31, 1996, whose will is executed on or after January 1, 1996, if such disclosure statement is not filed in the probate proceeding an attorney-executor will be limited to one half of the statutory commissions provided under SCPA 2307.
The concern here is that the acknowledgments of disclosure, which substantially conform to the text of the statutory models, are incorporated within the four corners of the wills themselves rather than in independent instruments separate from or bound to the wills. The acknowledgment in the Pacanofsky will appears on the seventh of the will’s nine pages, as one of the provisions in the fifth of the will’s nine Articles. The acknowledgment in the Hinkson will appears on the first of the will’s three pages and is the sole subject of the third of the will’s seven Articles. At issue is whether such acknowledgments satisfy the above-discussed statutory requirements.
*17 There are at least three reasons to conclude that, in both of these cases, the draftsmen’s efforts to meet the requirements of SCPA 2307-a fall short. First, the statute’s reference to execution of the required writing “prior to, concurrently with or subsequently to a will” (SCPA 2307-a [2]) per se suggests that the disclosure statement must be made in a document separate from the will. If the Legislature had intended that the will itself might serve as the instrument for the statement, it could readily have indicated as much by adding the words “or in [a will]” to the phrase “concurrently with [a will].”
Second, such reading of the statute is confirmed by its legislative history. The Assembly Memorandum in Support of the Assembly Bill (A 5491-A), ultimately enacted as SCPA 2307-a, described the required written acknowledgment as one that “may be annexed to the will or separately executed.” (Assembly Mem in Support, Bill Jacket, L 1995, ch 421.) That precise language was used by the bill’s sponsor in the Assembly, Assemblywoman Helene Weinstein, in a letter to the Governor urging him to sign the bill into law and describing the bill’s salient features.
Third, the purpose of the bill itself suggests that the disclosure statement was intended to be put before the testator as a matter for distinct focus. The primary objective of SCPA 2307-a is to assure that a testator is given information that can protect him or her from a possible abuse of trust by the attorney. The statute has a subsidiary aim: to provide as simple and fool-proof a mechanism as possible to establish the fact of such disclosure. Clearly, it is toward the latter objective that the model disclosure forms are provided in the statute. The standard afforded by such models — to which disclosure statements must “substantially conform” — is designed to eliminate the need for any extended inquiry as to whether disclosure has been made in full. Similarly, a requirement that such statement be contained in a separate instrument is designed to avoid the need for any inquiry into whether the client was even aware of the statement per se. A disclosure statement contained in a separate instrument stands as its own proof that it has at least been squarely put before the testator, rather than included among testamentary provisions and possibly overlooked, or in fact described, as mere legal boilerplate. The statutory purposes discussed above would be thwarted if a will (whether long or short) could be submitted as the medium for a disclosure statement.
Based upon the foregoing, it is concluded that the disclosure statement required under SCPA 2307-a must be executed by *18 separate writing “prior to, concurrently with or subsequently to a will.” As neither will conforms to the statute, the commissions of the respective executors shall be limited accordingly.