OPINION OF THE COURT
Lee L. Holzman, J.
The issue presented in this probate proceeding is whether the designated executor, the attorney who prepared the will, is limited under SCPA 2307-a (5) to one half the statutory com *333 missions to which he would otherwise be entitled because the disclosure required by the statute was contained in the will itself rather than in a separate writing (see, Matter of Pacanofsky, 186 Misc 2d 15).
The decedent died at 80 years of age on March 13, 1999. Her distributees are three sisters and six nieces and nephews. With the exception of bequests totaling $3,000, the estate is to be shared equally by nine nieces and nephews. Notice of the issues presented was served upon all of the residuary beneficiaries and no one appeared in opposition to the request to allow a full statutory commission. The propounded will, dated July 25, 1997, designates the executor in the following language:
“I hereby appoint Philip L. McGrory to be the executor of this my Last Will and Testament; I realize he is my attorney and would be entitled to a fee as both the executor and as the attorney for the estate but I wish him to serve as the executor because my sister has refused.”
The first five subdivisions of SCPA 2307-a essentially provide:
(1) Attorneys who prepare wills in which they are nominated as the executor should advise the testator prior to the execution of the will that: (a) any eligible person, including an attorney, may serve as an executor; (b) any person, including an attorney, who serves as an executor is entitled to receive statutory commissions; (c) an attorney-executor who also renders legal services is entitled to receive both a legal fee and statutory commissions.
(2) The disclosure required by subdivision (1) must be set forth in a writing (witnessed by at least one person other than the attorney-executor) executed by the testator “prior to, concurrently with or subsequently to” the execution of the will.
(3) Two statutory models of acknowledgment of disclosure, setting forth in general language the information that is required to be given to the testator under subdivision (1).
(4) The requirements of subdivision (2) are satisfied by using one of the statutory models or language that “substantially conforms” to either model.
(5) The penalty imposed upon the attorney-executor for failing to comply with subdivision (2) is a reduction of statutory commissions by one half.
In Matter of Pacanofsky (supra), my learned colleague Surrogate Roth held that disclosures, essentially consisting of the *334 general language of the statutory model, contained in the will itself rather than a separate writing failed to satisfy SCPA 2307-a for the following three reasons: (1) the statutory language of subdivision (2), to wit, executed “prior to, concurrently with or subsequently to a will,” reflects an intent that the disclosure could not be in the will itself; (2) the fact that two of the numerous documents or letters that were submitted to the Governor in support of the legislation stated that the “written acknowledgment [of disclosure] * * * ‘may be annexed to the will or separately executed’ ” (Matter of Pacanofsky, at 17); and (3) requiring that the disclosure be made in a separate writing “stands as its own proof that it has at least been squarely put before the testator, rather than included among testamentary provisions and possibly overlooked, or in fact described, as mere legal boilerplate” (at 17).
After other proposals to deal with the issue of the attorney-drafter-executor had failed to be enacted, SCPA 2307-a was a compromise which permitted attorneys to receive the same commissions as any other executor provided that the disclosure required by the statute had been made to the testator. Thus, with a broad brush, the purpose of the statute was to reduce the likelihood of overreaching by attorneys who would receive both full statutory commissions and counsel fees without advising testators of all of the ramifications of designating them as the executor while allowing attorneys who were not guilty of overreaching to receive the same commissions as any other executor. In short, the Legislature focused upon the substance of the disclosure and that it be set forth in a writing witnessed by at least one person other than the attorney-executor rather than the specific type of writing, will or otherwise, that would be used to make the disclosure.
For the reasons enunciated in Matter of Pacanofsky (supra), it can be concluded from the statutory language that the Legislature envisioned that the document that would be used most frequently to make the required disclosure would be a writing other than a will. This had to be the case because the law applied to wills executed prior to the enactment of the statute and the required written acknowledgment of disclosure could be obtained not only before the will was executed but also thereafter. Moreover, the general language of the statutory model indicates that it might be more appropriate for this general language to be set forth in a document other than a will. However, the fact that the statute envisions that the disclosure will usually be set forth in a separate writing does *335 not mean that the statute contains an absolute prohibition against the disclosure being set forth in the will itself. The statutory language permitting that the written acknowledgment of disclosure be made “concurrently” with the will can reasonably be construed as permitting the disclosure to be made in the will inasmuch as one of the dictionary definitions of “concurrently” is “at the same time.” Should “at the same time” be construed literally the only way the disclosure could be made precisely “at the same time” as the execution of the will is if the disclosure was contained in the will itself.
The specific language of the will offered for probate in this proceeding indicates that the testatrix, due to her sister’s unwillingness to serve as the executrix, desired to designate the petitioner as the executor even though he would be entitled to compensation for both his services as the executor and the attorney. The language contained within the four corners of this will reflects a more meaningful discussion between the decedent and the petitioner about the persons who can serve as an executor and their rights to commissions and legal fees than can be presumed to have occurred from the general language contained in the statutory models. Inasmuch as the Legislature recognized that the statutory models were not the only way to convey the required information and specifically provided in SCPA 2307-a (4) that attorneys are entitled to full commissions where the writing “substantially conforms” to the model, a harmonious construction of the statute requires that attorneys should also receive a full commission where the written acknowledgment of disclosure, instead of being set forth in a separate writing, is contained in a will which reflects that counsel and the testator had a meaningful discussion with regard to the required disclosure.
Lastly, it is noted that this case is distinguishable from Matter of Pacanofsky (supra) in that the language designating the petitioner as the executor in this matter is not boilerplate and that, without going outside the four corners of the will, the language reflects that counsel and the testatrix had a meaningful discussion with regard to the issues that should be set forth in the disclosure. To the extent that dicta in Pacanofsky might be construed as stating that the requirements of SCPA 2307-a (2) can never be satisfied by a disclosure in the will itself, this court respectfully disagrees with such a result. The statutory provision permitting the disclosure to be made “concurrently with” the execution of the will “in the presence of at least one witness other than the executor-designee” (SCPA 2307-a [2]) *336 reflects a legislative intent, at least under some circumstances, to permit the disclosure to be set forth in a will witnessed by at least two persons, one of whom might be the executor-designee. Moreover, and even without taking into consideration that many members of the Legislature are lawyers, this court is reluctant to conclude that the Legislature created an absolute prohibition against using the will as the vehicle for disclosure because it was concerned that attorneys would insert a statutory model of disclosure in the will itself, hoping that it would not be read and that, if their clients questioned the disclosure, they would attempt to divert their attention from it by advising them that it is meaningless boilerplate legalese.
For the reasons stated above, the court holds that where, as here, the disclosure is made in the will itself in language which reflects that there was a meaningful discussion between counsel and the testatrix as to the matters required to be disclosed under the statute, the attorney-executor is not limited under SCPA 2307-a (5) to one half the statutory commissions to which he would otherwise be entitled. Notwithstanding the holding in this matter, and even though the court is not expressing an opinion, even in dicta, as to the proper result where the disclosure consists of the general language contained in the statutory model set forth in the will itself, the safest procedure is to set forth the disclosure in the language of one of the statutory models in a writing other than the will.