OPINION OF THE COURT
Daniel K. Lalor, J.
Petitioner has filed an account in the above estate rendered for the period of March 28, 2003 to February 2, 2004. Objectant files a written objection to the account. The sole objection re *191 lates to the allowance of commissions to petitioner, who is the attorney-draftsman of the will and who also serves as executor. Objectant asserts there has not been compliance with SCPA 2307-a and commissions should accordingly be limited to one half the amounts otherwise allowed. Petitioner asserts the requirements of SCPA 2307-a have been satisfied by language set forth in the will itself.
The weight of reported opinion is that the disclosure required by SCPA 2307-a must be made in a writing separate from the will itself (Estate of Bruder, NYLJ, Mar. 15, 2001, at 25, col 3 [Sur Ct, Nassau County]; Estate of McGarry, NYLJ, Jan. 10, 2002, at 31, col 3 [Sur Ct, Suffolk County]; Matter of Pacanofsky, 186 Misc 2d 15 [Sur Ct, NY County 2000]). Only one reported decision (Matter of Winston, 186 Misc 2d 332 [Sur Ct, Bronx County 2000]) holds to the contrary.
SCPA 2307-a (2) states that the testator’s acknowledgment of the disclosure required by subdivision (1) of that section “must be set forth in a writing executed by the testator in the presence of at least one witness other than the executor-designee.” Further, such writing “may be executed prior to, concurrently with or subsequently to” the will, “and must be filed in the proceeding for the issuance of letters testamentary to the executor-designee.” (SCPA 2307-a [2].)
Petitioner’s argument, that a requirement for a writing executed “concurrently with” the will may be satisfied by language set forth in the will itself, contorts the plain meaning of the language to reach a result. Dictionary definitions of the word “with” include the senses “accompanied by,” “at the same time as or immediately after” and “indicating separation or removal from something,” all connoting separation rather than unity. More importantly, petitioner’s argument runs counter to the evident purpose of the legislation, which is to cause the testator’s attention to be drawn separately at least once to consider, apart from the will’s execution and in light of the factors required to be disclosed, whether he desires his attorney to serve as his executor.
Additionally, the language of the will in this case does not “substantially conform” to the requirements of SCPA 2307-a, for the will neither advises that a nonattorney may serve as executor, nor does it disclose that an attorney as executor would be entitled to a legal fee in addition to payment of an executor’s commission.
Accordingly, the objection of the Assistant Attorney General is granted and petitioner’s commissions as executor shall be *192 limited pursuant to SCPA 2307-a (5) to one half the statutory commissions to which he would otherwise be entitled.