■ In the Matter of the Estate of MELLA LUSTIG, Deceased. PAUL M. CHAZAN, Appellant. [789 NYS2d 131]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered on or about September 30, 2003, which, to the extent appealed from, directed that the commissions of petitioner as attorney-executor shall not exceed half the statutory commissions to which he would otherwise be entitled, unanimously affirmed, without costs.

The Surrogate's order directing that petitioner's statutory commissions as attorney-executor be limited by reason of the circumstance that the testator did not acknowledge in a writing separate from the will that the disclosure required by SCPA 2307-a (1) had been provided, was mandated by SCPA 2307-a (5) (see Matter of Weygand, 4 Misc 3d 190 [Sur Ct, Greene County 2004]; Matter of Pacanofsky, 186 Misc 2d 15 [Sur Ct, NY County 2000]; Estate of McGarry, NYLJ, Jan. 10, 2002, at 31, col 3 [Sur Ct, Suffolk County]; Estate of Bruder, NYLJ, Mar. 15, 2001, at 25, col 3 [Sur Ct, Nassau County]; but see Matter of Winston, 186 Misc 2d 332 [Sur Ct, Bronx County 2000]). We note that although the requirement of SCPA 2307-a of a separate written acknowledgment of disclosure was not expressed with optimal clarity in the original version of the statute, the statute as recently amended (L 2004, ch 709) to "clarify[ ] disclosure requirements regarding commissions to an attorney-executor" (Introducer's Mem in Support, Bill Jacket, L 2004, ch 709), plainly provides in subdivision (2) that the testator's disclosure acknowledgment "must be separate from the will," and in so doing eliminates any relevant uncertainty as to what the statute as originally enacted was intended to require. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.